IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

SHARON P. GARCIA, Pro Se,  )   CIVIL 14-00044 LEK-KSC
                  )
       Plaintiff,  )
                  )
   vs.           )
                  )
HAWAII HEALTH SYSTEMS   )
CORPORATION dba SAMUEL   )
MAHELONA HOSPITAL,     )
                  )
       Defendant.  )
_____ )

**ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS COMPLAINT FILED JANUARY 29, 2014**

     On April 21, 2014, Defendant Hawaii Health Systems
Corporation, doing business as Samuel Mahelona Hospital
("Defendant"),[1] filed its Motion to Dismiss Complaint Filed
January 29, 2014 ("Motion"). [Dkt. no. 9.] Pro se Plaintiff
Sharon P. Garcia ("Plaintiff") filed her memorandum in opposition
on June 23, 2014, and Defendant filed its reply on June 30, 2014.
[Dkt. nos. 21, 22.] On May 28, 2014, this Court issued an
entering order finding this matter suitable for disposition
without a hearing pursuant to Rule LR7.2(d) of the Local Rules of
Practice of the United States District Court for the District of
Hawai`i ("Local Rules"). [Dkt. no. 16.] After careful
consideration of the Motion, supporting and opposing memoranda,

---

     [1] Plaintiff also refers to the Samuel Mahelona Hospital as
the Mahelona Medical Center. [Complaint at ¶ 4.] The Court will
refer to the entity as "Defendant" and the medical facility as
"Mahelona."

and the relevant legal authority, Defendant's Motion is HEREBY
GRANTED because the Eleventh Amendment to the United States
Constitution bars Plaintiff from bringing her federal claims
against Defendant.

**BACKGROUND**

Plaintiff filed this action on January 29, 2014
pursuant to the Americans with Disabilities Act of 1990, 42
U.S.C. § 12101, *et seq.* ("ADA"). [Complaint at ¶ 1.] According
to the Complaint, Defendant is "the 4th largest public health
system provider in the United States," and Mahelona is one of
fourteen facilities throughout Hawai`i that Defendant operates.
[Id. at ¶ 4.]

Plaintiff alleges that she is a person with a
disability for purposes of the ADA because she has been required
to use a wheelchair ever since an accident in 2008. Plaintiff
was employed by Defendant as a Charge Registered Nurse III at
Mahelona until her termination. Plaintiff alleges that, when
Defendant learned that she was in a wheelchair, it demanded that
she resign and terminated her when she refused. [Id. at ¶¶ 3-5.]

According to the Complaint, Plaintiff was on leave with
pay from Mahelona from March 6, 2006 until Defendant sent her a
letter dated March 5, 2009 requesting that she report for work on
March 16, 2009. [Id. at ¶ 6.] Plaintiff inquired whether
Defendant would help her obtain a position where a "RN could work

in a wheelchair" if she could not return to her original
position.  [Id. at ¶ 7.]  Defendant informed Plaintiff that she
would have to go through the same recruitment process that all
applicants go through.  Plaintiff argues that, although she did
not specifically reference the ADA, her request to be reassigned
was a request for an accommodation under the ADA, and Defendant's
refusal to help her secure another position constituted a refusal
to accommodate her disability.  [Id. at ¶¶ 7, 9.]

Plaintiff alleges that, in a letter dated April 1,
2011, Defendant asked Plaintiff to resign because she was unable
to perform the essential functions of the Registered Nurse III
position and because she was unable to perform cardiopulmonary
resuscitation ("CPR").  Plaintiff alleges that Defendant had many
other positions that she was qualified for, but Defendant would
not consider her for those positions and terminated her via
teleconference on April 18, 2011.  She therefore filed her Equal
Employment Opportunity Commission ("EEOC") charge of
discrimination.[2]  [Id. at ¶ 10.]

Plaintiff contends that she is able to perform
"physical examinations, CPR, nursing care and treatment, but
would need help if certain scenarios arose thus an accommodation
that didn't put any undue hardship on the Defendant would be

_____

    [2] The Complaint states that she filed her EEOC charge on
February 7, 2012.  [Complaint at pg. 14.]

simple." [Id. at ¶ 12.] Plaintiff acknowledges that she is unable to "transfer patients or toilet them," but she argues that, under the ADA, lifting patients is not an essential function of a nursing position if such tasks only take minutes of the nurse's day, and the facility almost always accomplishes such transfers with two or more personnel. Thus, Plaintiff argues that Defendant failed to consider a reasonable accommodation. [Id.] Plaintiff also emphasizes that, as a Charge Nurse, a sizable portion of her duties involved processing paperwork, and "there were days [when she] barely had time to do rounds." [Id. at ¶ 15.]

Plaintiff argues that Defendant violated the ADA because Defendant refused to grant her reasonable accommodations for her disability and, when she filed her EEOC charge, Defendant retaliated against her by "conspir[ing] to make false allegations to the EEOC investigator and the to [sic] Plaintiff." [Id. at ¶ 18.] She also alleges that Defendant intended to defame her and ruin her professional reputation during the EEOC investigation. [Id.]

The Complaint prays for the following relief: $300,000.00 in damages pursuant to "the Civil Rights Act of 1991, II. section 1981[;]" compensatory and punitive damages; back pay and front pay; attorneys' fees and costs; and any other appropriate relief, including injunctions and other damages.

4

[<u>Id.</u> at pgs. 13-14.]

In the instant Motion, Defendant argues that this Court must dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) or, in the alternative, under Rule 12(b)(6), because the State of Hawaii's ("the State") Eleventh Amendment immunity bars ADA claims in federal court.

## STANDARD

This district court has observed that it is unclear whether a motion to dismiss based on Eleventh Amendment immunity is a Fed. R. Civ. P. 12(b)(1) motion or a Rule 12(b)(6) motion. <u>Monet v. Hawaii</u>, Civ. No. 11-00211 SOM/RLP, 2011 WL 2446310, at *3 (D. Hawai`i June 14, 2011). The Court, however, need not determine whether Rule 12(b)(1) or Rule 12(b)(6) applies, because, as in <u>Monet</u>, "whether the court examines Eleventh Amendment immunity under Rule 12(b)(1) for lack of jurisdiction or under Rule 12(b)(6) for failure to state a claim makes no difference, as those standards are essentially the same for purposes of this motion."[3] <u>See</u> <u>id.</u>

Under that common standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

---

[3] There are differences between the standard applicable to Rule 12(b)(1) motions and the standard applicable to Rule 12(b)(6) motions, <u>see, e.g.</u>, <u>Krakauer v. Indymac Mortg. Servs.</u>, Civ. No. 09-00518 ACK-BMK, 2013 WL 704861, at *2 (D. Hawai`i Feb. 26, 2013), but those differences are not relevant to the instant Motion.

relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556

U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550

U.S. 554, 570, 127 S. Ct. 1955 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." <u>Id.</u> (citing

<u>Twombly</u>, 550 U.S. at 556, 127 S. Ct. 1955). "Threadbare recitals

of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." <u>Id.</u> (citing <u>Twombly</u>, 550

U.S. at 555, 127 S. Ct. 1955 ("Although for the purposes of a

motion to dismiss we must take all of the factual allegations in

the complaint as true, we 'are not bound to accept as true a

legal conclusion couched as a factual allegation'" (internal

quotation marks omitted)).

**DISCUSSION**

**I.    <u>Plaintiff's ADA Claims</u>**

"Title I of the ADA prohibits discrimination 'against a

qualified individual on the basis of disability in regard

to . . . [the] privileges of employment.'" <u>Castle v. Eurofresh,

Inc.</u>, 731 F.3d 901, 906 (9th Cir. 2013) (alterations in <u>Castle</u>)

(quoting 42 U.S.C. § 12112(a)). "Title IV of the ADA precludes

retaliation against employees who seek to enforce their statutory

rights under the ADA." <u>Head v. Glacier Nw. Inc.</u>, 413 F.3d 1053,

1064 n.54 (9th Cir. 2005) (citation omitted); <u>see also</u> 42 U.S.C.

6

§ 12203(a).[4]

"It is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court." Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 (9th Cir. 2003) (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). The United States Supreme Court has held that Congress may not abrogate the states' sovereign immunity from suits under Title I of the ADA. See, e.g., id. (citing Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356, 360, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001)).

As to ADA retaliation claims, the Ninth Circuit has stated:

> We recognize that Garrett arose in the context of Title I, but we nevertheless conclude that the Court's holding necessarily applies to claims brought under Title V of the ADA, at least where, as here, the claims are predicated on alleged violations of Title I. Title V prohibits discrimination against an employee who opposes an "act or practice made unlawful" by the substantive provisions of the ADA. 42 U.S.C. § 12203. There is nothing in the ADA's legislative findings demonstrating a pattern of discrimination by states against employees who oppose unlawful employment discrimination against the disabled. Absent a history of such evil by the states,

---

[4] Section 12203(a) states: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."

> Congress may not abrogate the states' Eleventh
> Amendment immunity from Title V claims.  <u>See</u>
> <u>Garrett</u>, 121 S. Ct. at 967-68. . . .

<u>Demshki v. Monteith</u>, 255 F.3d 986, 988-89 (9th Cir. 2001).[5]

Plaintiff acknowledged in the Complaint that Defendant is a "public health system provider," and Mahelona is one of fourteen facilities throughout Hawai`i that Defendant operates. [Complaint at ¶ 4.]  Further, Haw. Rev. Stat. § 323F-2(a) states: "There is established the Hawaii health systems corporation, which shall be a public body corporate and politic and an instrumentality and agency of the State."  As such, it "enjoy[s] the same sovereign immunity available to the State[.]"  Haw. Rev. Stat. § 323F-7(c)(11).  Plaintiff has not identified, nor is this Court aware of, any action that Defendant has taken which waived its immunity in this case.

---

[5] While <u>Demshki</u> refers to ADA retaliation claims as "Title V" claims, cases such as <u>Head</u> and <u>Zimmerman v. Oregon Department of Justice</u>, 170 F.3d 1169, 1172 & n.1 (9th Cir. 1999), refer to such claims as "Title IV" claims.  In <u>Zimmerman</u>, the Ninth Circuit stated:

> The ADA contains five titles: Employment (Title
> I), Public Services (Title II), Public
> Accommodations and Services Operated by Private
> Entities (Title III), Telecommunications (Title
> IV), and Miscellaneous Provisions (Title V).
> Americans with Disabilities Act of 1990, Pub. L.
> No. 101-336, 104 Stat. 327, 327-28 (1990).

170 F.3d at 1172.  The Ninth Circuit also noted that, "[a]s codified, the telecommunications title is not a separate subchapter."  <u>Id.</u> at 1172 n.1.

Thus, pursuant to <u>Garrett</u> and <u>Demshki</u>, the Eleventh Amendment bars Plaintiff's ADA Title I discrimination claim and her ADA Title IV retaliation claim against Defendant. This Court must dismiss those claims because each fails to state a claim for relief that is plausible on its face. <u>See</u> <u>Iqbal</u>, 556 U.S. at 678. Further, this Court finds that dismissal with prejudice is warranted because Plaintiff cannot save these claims by any amendment. <u>See</u> <u>Harris v. Amgen, Inc.</u>, 573 F.3d 728, 737 (9th Cir. 2009) ("Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." (citation and quotation marks omitted)).

This court therefore GRANTS Defendant's Motion as to Plaintiff's ADA discrimination claim and her ADA retaliation claim. Those claims are DISMISSED WITH PREJUDICE.

## II. <u>Plaintiff's State Law Claims</u>

Plaintiff's Complaint also appears to allege state law claims, including defamation. [Complaint at ¶ 18.]

> This district court recently explained that "[a] federal court does not have authority to exercise supplemental jurisdiction over remaining state-law claims when the federal-law claims are dismissed for lack of subject matter jurisdiction. Supplemental jurisdiction may only be invoked when the district court has 'a hook of original jurisdiction on which to hang it.'" <u>Parks v. Watkins</u>, Civ. No. 11-00594 HG-RLP, 2013 WL 431950, at *3 (D. Haw. Jan. 31, 2013) (quoting <u>Herman Family Revocable Trust v. Teddy Bear</u>, 254 F.3d 802, 805-06 (9th Cir. 2001)).

<u>Corless v. Cole</u>, Civ. No. 13-00700 ACK-BMK, 2014 WL 2892362, at

*3 (D. Hawai`i June 25, 2014) (alteration in <u>Corless</u>).  Thus, if Defendant's Eleventh Amendment immunity from Plaintiff's ADA claims deprives this Court of subject matter jurisdiction over those claims, this Court could not exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's state law claims.

Even if Defendant's Eleventh Amendment immunity is not a matter of jurisdiction, this Court would have the discretion to decide whether or not to exercise supplemental jurisdiction over Plaintiff's state law claims.  <u>See</u> <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966) ("The power [of supplemental jurisdiction] need not be exercised in every case in which it is found to exist.  It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.").  Thus, even if the decision whether to exercise jurisdiction over Plaintiff's state law claims is discretionary, this Court would decline to exercise supplemental jurisdiction over Plaintiff's state law claims because this Court has already dismissed all of Plaintiff's federal law claims with prejudice. <u>See, e.g.</u> <u>Soliven v. Yamashiro</u>, Civ. No. 14-00244 SOM-KSC, 2014 WL 2938401, at *2 (D. Hawai`i June 30, 2014) ("This court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, as the claims grounded in federal law have been dismissed.").

This Court therefore GRANTS Defendant's Motion as to all state law claims alleged in the Complaint. The dismissal is WITH PREJUDICE because, in light of the dismissal of Plaintiff's ADA claims with prejudice, any amendment of Plaintiff's state law claims would be futile. See Johnson v. Am. Airlines, Inc., 834 F.2d 721, 724 (9th Cir. 1987) (noting that "courts have discretion to deny leave to amend a complaint for futility" (citation and quotation marks omitted)). This Court, however, emphasizes that it expresses no opinion on the issue of whether Plaintiff's state law claims would have merit if she brought them in a state court.

## CONCLUSION

On the basis of the foregoing, Defendant's Motion to Dismiss Complaint Filed January 29, 2014, which Defendant filed on April 21, 2014, is HEREBY GRANTED. Plaintiff's Complaint is HEREBY DISMISSED WITH PREJUDICE. This Court DIRECTS the Clerk's Office to close this case on **August 13, 2014**, unless Plaintiff files a motion for reconsideration of the instant Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 23, 2014.



 /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

__SHARON P. GARCIA VS. HAWAII HEALTH SYSTEM CORPORATION DBA SAMUEL MAHELONA HOSPITAL__; CIVIL 14-00044 LEK-KSC; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT FILED JANUARY 29, 2014

12